FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>MICHELLE PANTON,<br><br>Defendant. | 07-CR-440<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN**, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 28, 2007, Michelle Panton pled guilty to both counts of a two-count indictment. Count One charged that between December 29, 2005 and October 26, 2005, the defendant possessed with intent to use unlawfully and transfer unlawfully five or more fraudulent social security cards, in violation of 18 U.S.C. §§ 1028(a)(3), (b)(2)(B), and (c)(4). Count Two charged that between December 29, 2005 and October 26, 2005, the defendant unlawfully possessed and used social security numbers of individuals whose identities are known to the Grand Jury, in violation of 18 U.S.C. §§ 1028(A)(a)(1) and (c)(4). Panton's guilty plea to Count Two was vacated with consent of the government.

Panton was sentenced on March 17, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 4 and defendant's criminal history category to be category I, yielding a guidelines term of 0 to 6 months' imprisonment. The offense carried a maximum term of imprisonment of 5 years. *See* 18 U.S.C. 1028(b)(2)(B). The maximum fine was $250,000.00. *See* 18 U.S.C. § 3571(b)(3).

Panton was sentenced to three years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any substantial assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C.

2

§ 3553(a) and *Booker*. The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Panton's cooperation lead to a conviction of another defendant in a related offense. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While the offense is serious, specific deterrence is not required in light of the negligible likelihood that defendant will engage in future criminal conduct. She has a good and stable relationship with her mother. Defendant's substantial contribution to the prosecution in a related case was impressive. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Jack B. Weinstein
Senior United States District Judge

Dated: April 19, 2010
Brooklyn, New York